UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MASON BIBB,<br><br>                     Plaintiff,<br><br>     v.<br><br>CITY OF COPPERAS COVE, et al.,<br><br>                     Defendant. | Case No. 2:26-cv-00416-DJC-CSK (PS)<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS<br><br>(ECF Nos. 3, 4, 5) |

Pending before the Court is Plaintiff James Mason Bibb's motion for service by United States Marshals, motion to expedite Plaintiff's in forma pauperis ("IFP") application, and motion for a temporary restraining order ("TRO").[1]  (ECF Nos. 3, 4, 5) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court orders that Plaintiff's motion for service by United States Marshals and motion to expedite Plaintiff's IFP application be DENIED. Further, the Court recommends that Plaintiff's motion for a TRO be DENIED.

/ / /

/ / /

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

## I. BACKGROUND

### A. Factual Allegations[2]

Plaintiff alleges he has "served honorably in the United States Army," and "is rated 100% permanently and totally disabled by the Department of Veterans Affairs." Compl.   ¶¶ 17-18 (ECF No. 1). Plaintiff alleges he was stationed near Fort Hood, Texas in his final year of service, where he filed a police report alleging harassment by an ex-girlfriend. *Id*. at ¶¶ 20-21. Subsequently, Plaintiff alleges that a police officer "dismissed Plaintiff's complaint and began pursuing charges against Plaintiff" after learning Plaintiff is Black and his ex-girlfriend was Caucasian. *Id*. at ¶ 22. Plaintiff alleges that "more than seventy criminal charges without evidence" were pursued against him by the officer. *Id*. at ¶ 24. Plaintiff subsequently relocated to California in 2016. *Id*. at ¶ 26.

In January 2023, Plaintiff alleges he was "turned away without explanation" after attempting to enter Beale Air Force Base. *Id*. at ¶ 27-28. On February 8, 2026, Plaintiff alleges that while at Travis Air Force Base, he was informed his record contained a "flag," alleging that Plaintiff "poses a major threat." *Id*. at ¶ 29. Plaintiff further alleges he was detained at Travis Air Force base for "approximately two and a half hours." *Id*. at ¶ 31. Plaintiff further alleges he "has been denied access to military installations, medical services, and tax-exempt benefits for years." *Id*. at ¶ 33.

### B. Procedural Posture

On February 13, 2026, Plaintiff filed a Complaint against Defendants City of Copperas Cove, Texas, Copperas Cove Police Department, Detective Charles Oglesby, United States Department of Defense, Secretary of Defense, Commander, Travis Air Force Base, Benjamin Halley, Travis Air Force Base, and Does 1-20. (ECF No. 1.) Plaintiff concurrently filed a motion to proceed in forma pauperis, a motion for service by

---

[2] These facts primarily derive from the complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

United States Marshals, a motion to expedite review of the motion to proceed in forma pauperis, and a motion for a temporary restraining order. (ECF Nos. 2-5.)

On March 25, 2026, the undersigned issued findings and recommendations to deny Plaintiff's motion to proceed in forma pauperis, and granted Plaintiff leave to satisfy the filing fee in $75 monthly installments, beginning April 1, 2026, and due on the first of each month thereafter. (ECF No. 6.) Plaintiff has not begun paying installments, and the Findings & Recommendations on the denial of IFP are still pending.

## II.    LEGAL STANDARDS

Plaintiff moves ex parte for a TRO pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a preliminary injunction, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## III.    DISCUSSION

### A.    Plaintiff's Motion for a TRO

In the TRO motion, Plaintiff seeks emergency relief under the Privacy Act, 5 U.S.C. § 552a, to require Defendants to remove a "threat flag" designation that Plaintiff alleges is preventing him from accessing military installations and medical services. TRO

at 3, 7. On the current record before the Court, Plaintiff does not meet the legal standard for granting a TRO. The Court therefore recommends denial of Plaintiff's motion as procedurally deficient and because it is unlikely to succeed on the merits where the Complaint does not sufficiently plead a violation of the Privacy Act.

                     1.      <u>Compliance with the Federal Rules of Civil Procedure and Local Rules</u>

Federal Rule of Civil Procedure 65(b)(1) permits the court to issue a TRO without notice to the adverse party only if (1) specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard; and (2) the movant certifies in writing efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). This Court's Local Rules also set forth certain procedural mandates for a temporary restraining order to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed temporary restraining order and provision for bond; (7) a proposed order with blank for fixing time and date for a hearing; and (8) where a temporary restraining order is requested ex parte, the proposed order should also notify the affected parties of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow. E.D. Cal. Local Rule 231(c).

Plaintiff's motion is procedurally deficient because Plaintiff does not provide reasons why notice of his motion to Defendants should not be required. *See* Fed. R. Civ. P. 65(b)(1)(B); E.D. Cal. Local Rule 231(c)(5); TRO. To issue a TRO without notice to Defendants as the adverse parties, Rule 65(b)(1) requires that specific facts in the affidavit or underlying pleading show that immediate and irreparable injury, loss, or damage will result before the opposing party may be heard. "Courts turn to the facts to

4

determine whether irreparable harm is likely." . *Johnson v. California*, 2024 WL 4766206, at *3 (C.D. Cal. 2024). Plaintiff's TRO documents do not make this required showing. The Complaint alleges Plaintiff has been "denied access to military installations, medical services, and tax-exempt benefits for years." Compl. ¶ 33. While Plaintiff's certification alleges any delay may result in "the *continued* denial of medical access," the allegations fail to convey irreparable harm to justify issuing a TRO without notice to Defendants. TRO at 16 (emphasis added). Courts regularly deny TROs for failing to comply with the stringent requirements of Rule 65(b)(1), including those sought by pro se plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) ("courts have recognized very few circumstances justifying the issuance of an ex parte TRO"); *Abdel-Malak v. Doe*, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying TRO sought by pro se plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Seymour v. U.S. Dep't of Def.*, 2010 WL 3385994, at *1 (S.D. Cal. Aug. 26, 2010) (same); *Roman v. Nw. Tr. Servs., Inc.*, 2010 WL 3489962, at *1 (W.D. Wash. Aug. 31, 2010) (same).

In addition, Plaintiff's proposed order granting the TRO also fails to adhere to Local Rule Section 231 by failing to include a section notifying the affected parties of the right to apply to the Court for modification or dissolution on two days' notice or such shorter notice as the Court may allow. TRO at 14. The proposed order also lacks a provision for a bond. *Id*. Plaintiff's failure to comply with the Local Rules' requirements for TROs is sufficient justification to deny the motion. *See Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); *Nible v. Macomber*, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying TRO sought by pro se plaintiff as procedurally deficient). Plaintiff has not complied with the requirements of Local Rule 231(c)(5)-(8).

The Court therefore recommends denial of the TRO motion based on these procedural deficiencies.

///

2.      Likelihood of Success on the Merits

In an abundance of caution, the Court also examines the first and most important *Winter* element: likelihood of success on the merits. Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim because the Complaint fails to plead a violation of the Privacy Act and Due Process violations under the Fourteenth Amendment. Because the first *Winter* factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040; *see Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

a.      *Privacy Act*

The Complaint fails to state a failure to maintain accurate records claim under the Privacy Act. "The Privacy Act safeguards the public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records ... by allowing an individual to participate in ensuring that his records are accurate and properly used, and by imposing responsibilities on federal agencies to maintain their records accurately." *Bartel v. F.A.A.,* 725 F. 2d 1403, 1407 (D. D.C. 1984).

Individuals have a private right of action for failure to maintain records under the Privacy Act, where benefits are determined on the basis of such records, and an adverse determination is made against the individual. *See* 5 U.S.C. § 552a (g)(1)(C). To successfully plead a violation, a plaintiff must show "(1) he was aggrieved by the adverse determination, (2) the [agency] failed to maintain his records with a degree of accuracy necessary to assure fairness in the determination, (3) the [agency's] reliance on the inaccurate records was the proximate cause of the adverse determination, and (4) the [agency] acted intentionally or willfully in failing to maintain the accurate records." *Dick v. Holder*, 67 F. Supp. 3d 167, 183 (D. D.C. 2014). "[O]nly federal agencies, not individuals,

are proper defendants for a Privacy Act cause of action." *Id*. at 176.

Plaintiff's Privacy Act claim is raised against "all Federal Defendants," and alleges that Defendant Department of Defense "maintains inaccurate records falsely identifying Plaintiff as a threat." Compl. ¶ 37. Further, Plaintiff alleges generally that "Defendants failed to maintain accurate records and correct false information." *Id*. at ¶ 38. Plaintiff's Privacy Act claim is unlikely to succeed on the merits because, first, by raising the claim against "all federal defendants," rather than a federal agency, it incorrectly raises the claim against Defendants Secretary of Defense, Commander, Travis Air Force Base, and Benjamin Halley, Travis Air Force Base. Plaintiff's pleading is also conclusory and fails to state a claim where it fails to allege all of the elements of a failure to maintain records claim under the Privacy Act.

### b.    Due Process

Plaintiff additionally argues that he is likely to succeed on the merits of his Due Process claims. TRO at 4. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Further, to state a procedural due process claim under 42 U.S.C. §1983, a plaintiff must allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Liberty or property interests may arise from the United States Constitution or from state law. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335

(1976).

"A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). "In order to establish municipal liability [under *Monell*], a plaintiff must show that a 'policy or custom' led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc) (quoting *Monell*, 436 U.S.at 694 (1978)). To state a *Monell* claim, a plaintiff must allege that (1) he was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Anderson v. Warner*, 451 F.3d 1063, 1070 (9th Cir. 2006) (citing *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1994)). The complaint must identify the particular policy that the plaintiff alleges caused his constitutional injury. *See Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2002); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) (under § 1983, local governments are responsible only for "their own illegal acts," and therefore to impose liability on a local government, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury) (citations omitted). Further, the policy at issue must be the result of a decision of a person employed by the entity who has final decision or policymaking authority. *Monell*, 436 U.S. at 694. There must be a direct causal link between the policy or custom and the injury, and a plaintiff must be able to demonstrate that his injury resulted from a permanent and well-settled practice. *Anderson*, 451 F.3d at 1070.

Plaintiff's 1983 due process claims are raised against "Texas Defendants," which includes Defendant City of Copperas Cove, Texas, Copperas Cove Police Department, and Detective Charles Oglesby. Compl. ¶¶ 40-42. Plaintiff alleges generally "Defendants caused Plaintiff to be labeled dangerous without notice or opportunity to challenge the designation," and that he was deprived of "liberty, reputation, and benefits without due process." *Id*. at ¶¶ 41-42. The Complaint fails to state a claim against Defendants City of

8

Copperas Cove, Texas and Copperas Cove Police Department because Plaintiff fails to state a *Monell* claim against either entity. Also, Plaintiff's 1983 claim against the one individual Defendant, Detective Charles Oglesby fails to state a claim because the allegations fail to show how Defendant "caused Plaintiff to be labeled dangerous." *Id*. at ¶ 41.

For these reasons, Plaintiff has failed to show a likelihood of success on the merits of his Privacy Act and due process claims. The Court need not address the other *Winter* factors. *See Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 917 (9th Cir. 2021); *see also Baird*, 81 F.4th at 1040. The Court therefore also recommends denying Plaintiff's motion for failing to establish the likelihood of success on the merits.

**B.      Plaintiff's Motion to Request Service by United States Marshal and Motion for Expedited Review of his IFP Application**

Plaintiff has also filed a motion to request service by United States Marshall and motion for expedited review of his IFP application. (ECF Nos. 3, 4.) Because findings and recommendations to deny Plaintiff's IFP application are currently pending (ECF No. 6), Plaintiff's motion to request service by United States Marshall is denied without prejudice and Plaintiff's motion for expedited review of his IFP application is denied as moot.

## IV.     CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to request service by United States Marshal (ECF No. 3) is DENIED WITHOUT PREJUDICE; and

2.      Plaintiff's motion for expedited review of his motion to proceed in forma pauperis (ECF No. 4) is DENIED.

Further, based upon the findings above, it is RECOMMENDED:

1.      Plaintiff's motion for a temporary restraining order (ECF No. 5) be DENIED.

These findings and recommendations are submitted to the United States District

9

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 27, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, bibb.0416.26.tro