UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MASON BIBB,<br>Plaintiff,<br>v.<br>CITY OF COPPERAS COVE, et al.,<br>Defendant. | Case No. 2:26-cv-00416-DJC-CSK (PS)<br>FINDINGS AND RECOMMENDATIONS<br>(ECF No. 7) |

Plaintiff James Mason Bibb, appearing pro se, filed this action on February 13, 2026 against Defendants City of Copperas Cove, Texas, Copperas Cove Police Department, Detective Charles Oglesby, United States Department of Defense, Secretary of Defense, Commander, Travis Air Force Base, and Benjamin Halley and an application to proceed in forma pauperis ("IFP").[1] (ECF Nos. 1, 2.) On March 25, 2026, the Court recommended denying Plaintiff's IFP application and granting leave for Plaintiff to satisfy the filing fee in $75 monthly installments, beginning April 1, 2026. 03/25/2026 Findings & Recommendations (ECF No. 6). Plaintiff was warned that a failure to satisfy the full filing fee according to the payment schedule may lead to a recommendation of dismissal. *Id*. at 3. On June 1, 2026, the District Court adopted the findings and

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

recommendations and granted Plaintiff leave to satisfy the filing fee in $75 monthly installments, beginning on June 1, 2026. (ECF No. 8). Plaintiff did not make payments according to the payment schedule during the months of June or July. *See* Docket.

On July 8, 2026, the Court granted Plaintiff an additional fourteen days to satisfy the $75 monthly installment of his filing fee. (ECF No. 9.) Plaintiff was warned that a failure to do so may lead to a recommendation to dismiss the action for failure to prosecute. *Id*.

As of August 11, 2026, Plaintiff has not complied with the Court's order to satisfy his filing fee in $75 monthly installments. *See* Docket.

## I. LEGAL STANDARDS

### A. Involuntary Dismissals under Rule 41(b)

Under Federal Rule of Civil Procedure 41, a court may dismiss an action for failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's failure to follow the district court's local rules). This court's Local Rules are in accord. *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the federal rules, local rules, or other applicable law may support dismissal of that party's action). The court may act on its own accord in exercising this authority. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (approving sua sponte dismissals under Rule 41(b)).

The Ninth Circuit has found the following factors relevant in determining whether a case should be dismissed under Rule 41(b):

(1) the public's interest in expeditious resolution of litigation;
(2) the court's need to manage its docket;
(3) the risk of prejudice to the defendant(s);

(4) the availability of less drastic alternatives; and
(5) the public policy favoring disposition of cases on their merits.

*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

## II. DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendant is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff was warned in the findings and recommendations denying his IFP application that a failure to satisfy the payment schedule may result in dismissal. 03/25/26 Findings & Recommendations at 3. Plaintiff's monthly installment payments of his filing fee were required to begin on June 1, 2026, and after he failed to make his first two payments, the Court issued a minute order on July 8, 2026 granting Plaintiff an additional fourteen days to make payment and warning Plaintiff that further noncompliance may lead to a recommendation for dismissal for failure to prosecute. (ECF No. 9.) Plaintiff continues to fail to comply with the Court's order to make monthly installment payments of his filing fee. *See* Docket. Accordingly, the Court has little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua

sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## III. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's action be DISMISSED; and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 13, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, bibb.0416.26.f&r.ftp